# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JERENT ENTERPRISES, LLC, a Nebraska limited liability company, dba Sonic Boom Targets<br><br>Plaintiff,<br><br>vs.<br><br>SONIC BOOM OF INDIANA, LLC, an Indiana limited liability company; and RONALD DAVID FOSNIGHT, an individual<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Jerent Enterprises, LLC dba Sonic Boom Targets hereby asserts the following claims for relief against Defendant Sonic Boom of Indiana, LLC and Ronald David Fosnight:

## THE PARTIES

1. Plaintiff Jerent Enterprises, LLC ("Jerent") is a Nebraska limited liability company, with a place of business at 7802 S. 169th Street, Omaha, Nebraska 68136. Jerent does business as Sonic Boom Targets.

2. Upon information and belief, Defendant Sonic Boom of Indiana, LLC ("SBI") is an Indiana limited liability company, which has a place of business at 7600 State Road 64, Suite Alpha 2, Georgetown, Indiana 47122.

3. Upon information and belief, Defendant Ronald David Fosnight is an individual who resides in Indiana. Collectively, Mr. Fosnight and SBI are referred to herein as "Defendants."

## JURISIDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 in that this case arises under the Lanham (Trademark) Act, 15 U.S.C. § 1051, *et seq*. Jurisdiction over the related state-law claims exists under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants because they conduct business in this judicial district, including committing acts of trademark infringement as alleged herein.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## BACKGROUND

7. Jerent manufactures, distributes, and sells high quality exploding targets under the SONIC BOOM name and trademark. Jerent's SONIC BOOM® exploding target line includes both rifle and rimfire exploding targets to cover the needs of all shooting enthusiasts.

8. All of Jerent's exploding targets prominently bear the SONIC BOOM name and trademark.

9. Jerent's SONIC BOOM® targets can be purchased directly via Jerent's website, www.sonicboomtargets.com, or from over 100+ retailers that are located throughout the United States.

10. Jerent is the owner of a federal trademark registration, U.S. Registration No. 4,271,713, for the mark SONIC BOOM for the following goods: "Firearm targets; Binary exploding rifle targets; Targets." A copy of U.S. Registration No. 4,271,713 is attached to the Complaint as Exhibit A.

11. The application for U.S. Registration No. 4,271,713 was filed on May 16, 2012 and the registration issued on January 8, 2013.

12. Jerent commenced using the SONIC BOOM mark in commerce at least as early as January 1, 2012 and has continuously used the mark since that time in connection with its targets. Jerent ships its targets—all of which prominently bear the SONIC BOOM mark—to customers and distributors located across the United States and has been doing so since at least early 2012.

13. As a result of its use of the SONIC BOOM mark in commerce, Jerent has common law rights in the SONIC BOOM trademark.

14. Through Jerent's advertising, marketing, and promotion of its SONIC BOOM® targets, and the widespread commercial success of its SONIC BOOM® targets, the SONIC BOOM mark has become well-known among shooting enthusiasts, distinctive of Jerent's products, and a valuable business asset of Jerent, which represents tremendous goodwill.

15. Upon information and belief, Mr. Fosnight previously sold exploding targets under the KICK-ASS name and trademark.

16. Upon information and belief, after seeing the success of Jerent's SONIC BOOM® targets, Mr. Fosnight developed a plan to capitalize upon Jerent's goodwill by creating consumer confusion and deceiving consumers as to the source of his targets.

17. More specifically, upon information and belief, in or about late-2012 to mid-2013, Mr. Fosnight commenced advertising and selling exploding targets and related goods using the Internet domain name www.sonicboomexplodingtargets.com and the names and marks SONIC BOOM EXPLODING TARGETS and SONIC BOOM EXPLODING TARGET COMPANY. On www.sonicboomexplodingtargets.com, Mr. Fosnight identified himself as the Sonic Boom Exploding Target Company.

18. In or about October 21, 2014, Mr. Fosnight formed Sonic Boom of Indiana, LLC to conduct his exploding target business.

3

19. Since its formation in late 2014, SBI and Mr. Fosnight have advertised, sold, and promoted exploding targets and related services using the names and marks SONIC BOOM EXPLODING TARGETS, SONIC BOOM EXPLODING TARGET COMPANY, SONIC BOOM OF INDIANA, and SONIC BOOM, including via the website www.sonicboomexplodingtargets.com.

20. In or about late December 2015, Defendants began promoting their exploding targets on a Sonic Boom of Indiana Facebook page located at www.facebook.com/sonicboomofindiana/.

21. Defendants' exploding targets are presently offered for sale under the SONIC BOOM EXPLODING TARGET mark on Defendants' website: www.sonicboomexplodingtargets.com, including to customers in Nebraska.

22. Defendants' use of the name and mark SONIC BOOM—either alone or in conjunction with other terms, including but not limited to the names and marks SONIC BOOM, SONIC BOOM EXPLODING TARGETS, SONIC BOOM EXPLODING TARGET COMPANY, and SONIC BOOM OF INDIANA, and the domain name www.sonicboomexplodingtargets.com—infringes Jerent's trademark rights and is likely to cause, and has in fact caused, confusion and mistake among consumers. Consumers have been confused or deceived, and are likely to continue to be confused or deceived, as to the origin or source of Defendants' goods and as to whether Defendants' goods are provided, sponsored, or endorsed by Jerent.

23. Upon information and belief, Defendants' infringement of Jerent's SONIC BOOM mark is willful and deliberate. It has continued despite Defendants' actual notice of Jerent's trademark rights and has been undertaken with the specific intent of deceiving consumers and usurping the goodwill Jerent has built in its SONIC BOOM mark.

## COUNT I
### Trademark Infringement (15 U.S.C. § 1114)

24.     Jerent realleges and incorporates by reference herein the allegations contained in paragraphs 1-23.

25.     Jerent holds a valid and existing federal registration for the SONIC BOOM trademark.

26.     Jerent has built tremendous goodwill in its SONIC BOOM mark, which goodwill represents a substantial and valuable business asset.

27.     Defendants have marketed, advertised and sold, and continue to market, advertise and sell, exploding targets and related products using the name and mark SONIC BOOM—either alone or in conjunction with other terms, including but not limited to the names and marks SONIC BOOM, SONIC BOOM EXPLODING TARGETS, SONIC BOOM EXPLODING TARGET COMPANY, and SONIC BOOM OF INDIANA, and the domain name www.sonicboomexplodingtargets.com (collectively, "the SONIC BOOM EXPLODING TARGETS Marks").

28.     Defendants' use of the SONIC BOOM EXPLODING TARGETS Marks is done without the authorization or consent of Jerent and constitutes trademark infringement under 15 U.S.C. § 1114.  The SONIC BOOM EXPLODING TARGETS Marks used by Defendants constitute a reproduction, counterfeit, copy, or colorable imitation of Jerent's registered SONIC BOOM mark and their use by Defendants is likely to cause confusion, or to cause mistake, or to deceive consumers.

29.     Jerent has been damaged by Defendants' use of the SONIC BOOM EXPLODING TARGETS Marks and it will continue to suffer damage and irreparable harm, for which it has no adequate remedy at law, unless Defendants are immediately and permanently enjoined from any

further use of the term "SONIC BOOM," including as part of the SONIC BOOM EXPLODING TARGET Marks.

30. Defendants have wrongfully profited from their use of the SONIC BOOM EXPLODING TARGET Marks through their sale of products bearing the SONIC BOOM EXPLODING TARGET Marks and/or marketed using the SONIC BOOM EXPLODING TARGET Marks.

31. Defendants' actions, as alleged herein, constitute willful infringement. Defendants' infringement has continued despite its actual knowledge of Jerent's trademark rights and, upon information and belief, has been done with the intent to cause confusion, mistake or deception among consumers.

32. Because Defendant knowingly and intentionally used counterfeits, copies, reproductions or colorable imitations of Jerent's mark, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II
### False Designation of Origin (15 U.S.C. § 1125(a))

33. Jerent realleges and incorporates by reference herein the allegations contained in paragraphs 1-32.

34. Jerent has common law trademark rights in the SONIC BOOM mark by virtue of its continuous use of the SONIC BOOM mark in commerce in connection with its targets since at least as early as the beginning of 2012.

35. Jerent has marketed, advertised and sold, and continues to market, advertise and sell, exploding targets using the SONIC BOOM mark since at least as early as the beginning of 2012. These products are sold both online, including at least through Jerent's website, and in more than 100+ retail establishments located throughout the United States.

36. Jerent has built tremendous goodwill in its SONIC BOOM mark, which goodwill represents a substantial and valuable business asset.

37. As detailed above, Defendants have marketed, advertised and sold, and continue to market, advertise and sell, exploding targets and related products using the SONIC BOOM EXPLODING TARGET Marks.

38. Defendants' use of the SONIC BOOM EXPLODING TARGET Marks is without the authorization or consent of Jerent and constitutes false designation of origin, unfair competition, or false advertising under 15 U.S.C. § 1125(a). Consumers have been, and are likely to continue to be, confused, mistaken or deceived as to the origin of Defendants' goods, believing that such goods are those of Jerent, or are otherwise approved or sponsored by Jerent. Consumers are also likely to be deceived into believing that there is an affiliation, connection or association between Defendants and Jerent.

39. Jerent has been damaged by Defendants' use of the SONIC BOOM EXPLODING TARGET Marks and it will continue to suffer damage and irreparable harm, for which it has no adequate remedy at law, unless Defendants are immediately and permanently enjoined from any further use of the term "SONIC BOOM," including as part of the SONIC BOOM EXPLODING TARGET Marks.

40. Defendants have wrongfully profited from their use of the SONIC BOOM EXPLODING TARGET Mark through their sale of products bearing the SONIC BOOM EXPLODING TARGET Marks or marketed using the SONIC BOOM EXPLODING TARGET Marks.

41. Defendants' actions, as alleged herein, constitute willful infringement. Defendants' infringement has continued despite its actual knowledge of Jerent's trademark rights and, upon information and belief, has been done with the intent to cause confusion, mistake or deception.

42. Defendants' actions, as alleged herein, render this case an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT III
**Violation of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))**

43. Jerent realleges and incorporates by reference herein the allegations contained in paragraphs 1-42.

44. As detailed more fully above, Jerent is the owner of the SONIC BOOM mark for exploding targets.

45. Defendants have registered, have used, and continue to use, the domain name www.sonicboomexplodingtargets.com.

46. The domain name www.sonicboomexplodingtargets.com is confusingly similar to Jerent's SONIC BOOM mark.

47. Jerent's SONIC BOOM mark was distinctive at the time Defendants registered the www.sonicboomexplodingtargets.com domain name.

48. Upon information and belief, Defendants had, and continue to have, a bad faith intent to profit from Jerent's SONIC BOOM mark via their registration and use of the www.sonicboomexplodingtargets.com domain name.

49. Upon information and belief, at the time Defendants registered the domain name, their exploding targets were known as KICK-ASS exploding targets and Defendants had no interest in the name SONIC BOOM in any form, but instead registered the domain name

8

www.sonicboomexplodingtargets.com with the intent to mislead and deceive consumers as to the source of their targets and to capitalize on the goodwill Jerent had built in its SONIC BOOM mark.

50. Upon information and belief, Defendants registered the www.sonicboomexplodingtargets.com domain name in an attempt to divert consumers from Jerent's website, www.sonicboomtargets.com, for their own commercial gain and have, in fact, diverted consumers from Jerent's website.  More specifically, Defendants intended to create, and have created, confusion as to the source, sponsorship, affiliation, or endorsement of their site and the targets sold on their site and have thereby usurped sales from consumer's seeking Jerent's SONIC BOOM® exploding targets.

51. Jerent has been, and continues to be, damaged by Defendants' continued registration and use of the www.sonicboomexplodingtargets.com domain name.

52. Defendants' actions, as alleged herein, render this case an exceptional case within the meaning of 15 U.S.C. § 1117(a).

53. In addition to such monetary relief as Jerent is entitled pursuant to 15 U.S.C. § 1117, the www.sonicboomexplodingtargets.com domain name should be transferred to Jerent pursuant to 15 U.S.C. § 1125(d)(1)(C).

### COUNT IV
### Violation of the Uniform Deceptive Trade Practices Act

54. Jerent realleges and incorporates by reference herein the allegations contained in paragraphs 1-53.

55. Defendants' use of the SONIC BOOM EXPLODING TARGET Marks and their marketing, advertising, and sale of targets and related products using the SONIC BOOM EXPLODING TARGET Marks, as described in more detail above, constitute deceptive trade practices pursuant to the Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302.

56. Among other things, Defendants' use of the SONIC BOOM EXPLODING TARGET Marks results in the passing off of Defendants' goods as those of Jerent's and/or causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants' goods and/or a likelihood of confusion or of misunderstanding as to an affiliation, connection, or association between Jerent and Defendants.

57. As a result of Defendants' deceptive trade practices, Jerent has suffered injury and damage and continues to be injured and damaged by Defendants' practices.

58. Among other things, Defendants' conduct has impaired, and continues to impair, the value of Jerent's SONIC BOOM mark and the goodwill Jerent has built in its SONIC BOOM mark. Further, Defendants' poor service, which has been falsely attributed to Jerent, has caused harm to Jerent's reputation. Defendants' conduct has also caused, and unless enjoined will continue to cause, harm to Jerent in the form of lost sales and profits, as deceived consumers have and will continue to mistakenly purchase Defendants' goods believing those goods to emanate from Jerent.

59. Upon information and belief, unless enjoined, Defendants will continue to engage in the same deceptive trade practices and will continue to mislead and deceive consumers to the detriment of Jerent and the public.

60. Upon information and belief, Defendants willfully engaged in the deceptive trade practices knowing them to be deceptive.

61. Pursuant to the Uniform Deceptive Trade Practices Act, Jerent seeks, and is entitled to, an injunction prohibiting Defendants from engaging in the deceptive trade practices described above. It further seeks an award of its costs and attorneys' fees, as authorized by Neb. Rev. Stat. § 87-303.

## COUNT V
**Violation of the Consumer Protection Act**

62. Jerent realleges and incorporates by reference herein the allegations contained in paragraphs 1-61.

63. Defendants' use of the SONIC BOOM EXPLODING TARGET Marks and its marketing, advertising, and sale of targets and related products using the SONIC BOOM EXPLODING TARGET Marks, as described in more detail above, constitutes an unfair method of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Consumer Protection Act, Neb. Rev. Stat. § 59-1602.

64. Defendants' unfair and deceptive acts and practices have a direct impact upon the public interest. They create confusion and mislead and deceive consumers, including Nebraska consumers, as to the source, sponsorship or approval of Defendants' goods or as to an affiliation, connection, or association between Jerent and Defendants.

65. As a result of Defendants' unfair and deceptive acts and practices, Jerent has suffered injury and damage and continues to be injured and damaged. Among other things, Defendants' conduct has impaired, and continues to impair, the value of Jerent's SONIC BOOM mark and the goodwill Jerent has built in its SONIC BOOM mark. Further, Defendants' poor service, which has been falsely attributed to Jerent, has caused harm to Jerent's reputation. Defendants' conduct has also caused, and unless enjoined will continue to cause, harm to Jerent in the form of lost sales and profits, as deceived consumers have and will continue to mistakenly purchase Defendants' goods believing those goods to emanate from Jerent.

66. Upon information and belief, unless enjoined, Defendants will continue to engage in the same unfair and deceptive acts and practices and will continue to mislead and deceive consumers to the detriment of Jerent and the public.

67. Pursuant to the Consumer Protection Act, Jerent seeks, and is entitled to, an injunction prohibiting Defendants from engaging in the unfair and deceptive acts and practices described above, its actual damages, and costs of suit, including reasonable attorneys' fees, as authorized by Neb. Rev. Stat. § 59-1609.

## **PRAYER FOR RELIEF**

WHEREFORE, Jerent prays for relief against Defendant as follows:

1. For a judgment in favor of Jerent and against Defendants as to each claim;

2. For a preliminary and permanent injunction restraining and enjoining Defendants, and their agents, servants, employees, distributors, and all others in active concert or participation with Defendants, from using any mark, name or domain name containing the term "SONIC BOOM" in connection with the advertising, promotion, distribution, or marketing of SBI or any of Defendants' products including, but not limited to, enjoining use of any mark, name or domain name containing the term "SONIC BOOM" on any product label or packaging, on any signage, on receipts or mailing labels, on product displays, on Defendants' or their distributors' websites, on social media, in any advertisement, marketing, or promotion of Defendants' business or their products, or in any communications with consumers or distributors (whether oral, electronic, or written);

3. For an order requiring that the www.sonciboomexplodingtargets.com domain name be transferred to Jerent;

4. For an order, pursuant to 15 U.S.C. § 1118, directing that Defendants deliver for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession or under their control, bearing any mark or name containing the term "SONIC BOOM";

5. For an award of damages suffered by Jerent, plus any profits earned by Defendants as a result of their sales of products bearing or marketed using an infringing name, mark or domain name, in an amount to be proven at trial;

6. For an award of augmented or trebled damages or profits pursuant to 15 U.S.C. § 1117;

7. Should Jerent elect prior to the rendering of final judgment, for an award of statutory damages pursuant to 15 U.S.C. § 1117;

8. For an award of attorneys' fees and litigation expenses and costs to the maximum extent allowed by law, including but not limited to 17 U.S.C. § 1117, Neb. Rev. Stat. § 87-303, and Neb. Rev. Stat. § 59-1609; and

9. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

## PLACE FOR TRIAL

Pursuant to Nebraska Civil Rule 40.1(b), Plaintiff requests trial in Omaha, Nebraska.

Dated: January 6, 2017

By:    s/ Michael T. Hilgers
      Michael T. Hilgers (NE#24483)
      mhilgers@hilgersgraben.com
      Andrew R. Graben (TX#24045964)
      agraben@hilgersgraben.com
      Mary Ann Novak (NE#24851)
      mnovak@hilgersgraben.com
      Jackson W. Rudd (NE#26094)
      jrudd@hilgersgraben.com

      HILGERS GRABEN PLLC
      570 Fallbrook Blvd., Suite 109
      Lincoln, NE 68521
      Telephone: (402) 218-2106
      Facsimile: (402) 413-1880
      *Attorneys for Plaintiff*
      *JERENT ENTERPRISES, LLC*